**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
Case Number:_____-CIV-_____

**AISHIA PETERSEN,**

        Plaintiff,

**v.**


**CHOPARD USA LTD., INC.**

        Defendant.

_____/



## COMPLAINT FOR PERMANENT INJUNCTIVE RELIEF

**COMES NOW**, Plaintiff Aishia Petersen ("Plaintiff "or "Petersen"), by and through undersigned counsel, files this Complaint for Permanent Injunctive Relief pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§s 12181-12189 ("ADA"), 28 U.S.C. §2201 and 2202 as well as 28 CFR Part 36 Regulations. Plaintiff state as follows:

### INTRODUCTION AND NATURE OF THE ACTION

1. This Court has jurisdiction over this case based on federal question Jurisdiction, as provided in 28 U.S.C. §1331 and the provisions of the ADA. Plaintiff seeks declaratory and injunctive relief pursuant to 28 U.S.C. §§2201 and 2202.

2. Plaintiff is a visually-impaired and legally blind person (disabled) who requires assistance through screen-reading software to read website content using her computer. Plaintiff uses the term "blind" or "visually impaired" as legally blind. Disable as defined by ADA and Amendment acts of 2008, 42 USC §12101 (ADAAA).

3.    Defendant's website https://www.chopard.com/en-us specifically the Florida website (the "Website") is not fully or equally accessible to blind or visually impaired consumers in violation of the "ADA." As a result, Plaintiff seeks a permanent injunction to cause a change in Chopard USA LTD., INC. ("Defendant" or "Chopard") policies, practices and procedures so that Defendant's website will become, and remain, accessible to blind. Plaintiff seeks injunctive relief, attorneys' fees and costs, including, but not limited to, court costs and expert fees, pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§s 12181-12189 ("ADA") and 42 U.S.C. 2000a-3(a). *See also* 28 U.S.C. 2201 and 2202 as well as ADA 28 CFR Part 36 Regulations.

4.    Plaintiff is unaware of the true names, identities, and capacities of all responsible parties (defendant) being sued. Plaintiff will seek leave to amend this complaint to allege the true names and capacities if and when ascertained. Plaintiff is informed and believes, and thereupon alleges, that Defendant is legally responsible in some manner for the events and happenings alleged herein and that Defendant sued here proximately caused injuries and damages to Plaintiff as set forth below.

5.    Plaintiff is sui juris, and she is disabled as defined by the ADA and ADA Amendments Act of 2008, 42 U.S.C. §12101 ("ADAAA"). Defendant's failure to design, build, maintain, and operate its https://www.chopard.com/en-us to be fully and equally accessible to and independently operational by Plaintiff, constitutes in Defendant's denial of full and equal access to physical stores and Website, resulting in a violation of Plaintiff's rights under the Americans with Disabilities Act ("ADA").

6.    Defendant's website is a point of sale for the Defendant physical store. The Defendant's e-commerce platform (https://www.chopard.com/en-us the "Website") allows purchase of the same merchandise online or at the brick-mortar store.

7.   The Defendant owns and operates the Website for desktop and mobile application for e-commerce and distributes its products to several affiliated stores that are located in Florida.

8.   Plaintiff Aishia Petersen, a blind woman, residing in Orlando, Florida brings this action under the Americans with Disabilities Act in Federal Court.

9.   Blind and visually impaired citizens must use screen reading software[1] or other assistive technologies in order to access website content.

10.   Plaintiff cannot use her computer and mobile device browser without the assistance of appropriate and available screen reader software to understand websites.

11.   Defendant's Website is built in digital code that impedes screen-reader software to work. A few lines of code could make the Defendant's website compatible with the popular blind's screen-readers software and grant access to Defendant's store to all blind individuals, including Plaintiff.

12.   Screen reader software translates the visual internet into an auditory equivalent. which vocalizes visual information found on the computer screen. With this software, Plaintiff has successfully used more than 400 websites.

13.   The software reads the content of a webpage to the user. The screen reading software uses auditory cues to allow a visually impaired user to effectively navigate the websites.

14.   Plaintiff visited the Website when at home, or on the go or in transit visiting other cities. The purpose of the W*ebsite* is to turn visitors into prospects. One of the functions of the Defendant's Website is to provide the public information on the locations of Defendant's stores through a "Boutique" feature. Defendant also sells to the public its merchandise through the Website, which acts as a point of sale for Defendant's merchandise available in, from, and through Defendant's physical stores.

---

[1] "screen reader" is a software application that enables people with severe visual impairments to use a computer. Screen readers work closely with the computer's Operating System (OS) to verbalize information about icons, menus, dialogue boxes, files and folders

15.  This case arises out of the fact that Defendant Chopard USA LTD., INC. has operated its business in a manner and way that effectively excluding Plaintiff who are visually impaired from access to Defendant physical stores and online store (the Website). Because the Website, an e-commerce online platform, carries the same products in the physical store and connects individuals to make a purchase on the Website 24/7, the same way they would in the physical store (during limited hours 10am to 8pm). The Website is an extension of and gateway to the Defendant's physical stores.

16.  Because the public can view and purchase Defendant's goods through the Website that are also offered for sale in the physical stores, thus having the Website act as a point of sale for Defendant's products that are also sold in the physical stores, arrange in-store and curbside pickups of merchandise purchased online benefits for use online and in the physical stores, the Website is an extension of and gateway to the physical stores, which are places of public accommodation pursuant to the ADA, 42 U.S.C. §12181(7)(E).

17.  Defendant must not discriminate against individuals with visual disabilities, and must not deny those individuals the same full and equal access to and enjoyment of the goods, services, privileges, and advantages afforded the non-visually disabled public both online and in the physical stores.

18.  As a result of Plaintiff being legally blind, before she embarks on any venture from her home, Plaintiff studies the location where Plaintiff is seeking to patronize through using the internet and the Defendant's Website. Plaintiff has made innumerous attempts to access Defendant's store and Website in the past, but Plaintiff could not locate the nearest store thru the Website neither pre-shop the Defendant's merchandise because the Website is not readable by the screen-reader.

19.  Plaintiff intends to continue to access the Defendant's physical store and make a purchase through the Website and pick up at curbside at the Defendant's store. Plaintiff

was informed that there is one of the Defendant's physical store located Fl Bal Harbour Mall at 9700 Collins Ave, Bal Harbour, Miami FL.

20.   Plaintiff is and has been a customer who is interested in patronizing and intends to patronize in the near future Defendant's physical stores once the Website's access barriers are removed or remedied. A year ago, Plaintiff visited Defendant's store in another state when traveling with friends. But Plaintiff cannot independently locate Defendant store when he went to the defendant's website. The barriers Plaintiff encountered on Defendant's website have impeded Plaintiff's full and equal enjoyment of goods and services offered at Defendant's brick-and mortar stores.

21.   Plaintiff is impeded to access and communicate with Defendant effectively, unable to take advantage and use the Website to pre-shop and purchase Defendant's merchandise, find a store, create an account and sign up for an electronic emailer to receive exclusive online offers, benefits, invitations, and discounts for use both online and in the physical stores.

22.   The privilege to navigate the Website from Plaintiff's home is important and necessary accommodations for Plaintiff because traveling outside of her home as a visually disabled individual is an often challenging and fearsome experience. Defendant's failure to provide auxiliary aids and services for effective communications is an act of discrimination against Plaintiff. *Title III ADA 28 C.F.R. § 36.303.*

23.   However, unless Defendant is required to eliminate the access barriers at issue and required to change its policies so that access barriers do not reoccur on Defendant's Website, Plaintiff will continue to be denied full access to Chopard's physical stores and Website.

## JURISDICTION AND VENUE

24.   Plaintiff is a resident of Orlando, FL 32817. is *sui juris*, and is disabled as defined by the ADA and ADA Amendments Act of 2008, 42 U.S.C. §12101 ("ADAAA").

25. This Court has jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. §1331, and the provisions of the ADA. Plaintiff seeks declaratory and injunctive relief pursuant to 28 U.S.C. §§2201 and 2202.

26. Plaintiff called Defendant's customer service for more information to locate a store near her but was directed to the Website to search in the "Store Locator". Plaintiff's claims asserted herein arose in this judicial district. Plaintiff was told that there is a Chopard's affiliated shop near her home selling Chopard's luxury jewelry and watches products.

27. Venue lies in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b), and Local Rule 3.1, in that the original transaction or occurrence giving rise to this cause of action occurred in this District.

28. This is an action injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §§12181-12189 ("ADA"), 28 C.F.R. § 36.201 and to prevent discrimination which includes equal access and effective communications with Defendant's business. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343.

29. This Court has personal jurisdiction over Chopard USA LTD., INC. pursuant to, *inter alia*, Florida's long arm statute F.S. § 48.193, in that Defendant: (a) operates, conducts, engages in, and/or carries on a business or business ventures (s) in Florida and/or has an office or agency in Florida; (b) has committed one or more tortious acts within Florida; (c) was and/or is engaged in substantial and not isolated activity within Florida; and/or (d) has purposely availed itself of Florida's laws, services and/or benefits and therefore should reasonably anticipate being hailed into one or more of the courts within the State of Florida

30. Defendant is subject to personal jurisdiction in this District. Defendant has been and is committing the acts or omissions alleged herein in the Southern District of Florida that caused injury, and violated rights prescribed by the ADA to Plaintiff. A substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in the Southern District of Florida.

Specifically, on several separate occasions, Plaintiff has been denied the full use and enjoyment of the facilities, goods, and services of Defendant's Website in Florida. The access barriers Plaintiff encountered on Defendant's Website have caused a denial of Plaintiff's full and equal access multiple times in the past, and now deter Plaintiff on a regular basis from accessing Defendant's Website. Defendant Chopard's is authorized to conduct, and is conducting, business within the State of Florida and within the jurisdiction of this court.

31. Plaintiff Aishia Petersen, is a resident of the State of Florida. Plaintiff resides in Orlando. Aishia Petersen is legally blind, and a member of a protected class under the ADA. Whereby, she has a disability within the meaning of 42 U.S.C. § 12102(1)-(2), the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq.* and in 42 U.S.C. 3602, §802(h). Plaintiff was diagnosed with congenital glaucoma in both eyes by UM Health- Bascom Palmer Eye Institute, and consequently, is legally blind and the visual disability is permanent. Plaintiff is a legally blind individual who has a physical impairment that substantially limits the major life activity of seeing. Accordingly, she has a disability within the meaning of 42 U.S.C. § 12102 and 28 C.F.R. § 35.104. Plaintiff is a qualified individual with a disability within the meaning of 42 U.S.C. § 12131(2), 29 U.S. Code § 794 and 28 C.F.R. § 35.104.

32. Plaintiff cannot use the computer without the assistance of a screen reader software. Petersen is a proficient user of the JAWS and Voiceover screen-reader to access the internet." JAWS, or "Job Access With Speech," Voiceover (Apple's screen reader) or Voiceover (Apple's screen reader) are the most popular screen reading software for computers and mobile phones. For screen-reading software to work, the information on a website must be capable of being rendered into text. Usually, this means that graphics and embedded hyperlinks must include alternative text (known as "alt-text") - a description of the image that appears when a cursor floats over it or screen-reading software detects it.

33.   Chopard USA LTD., INC. is a foreign for-profit corporation. Under the brand name Chopard's, Defendant's company produces and distributes luxury jewelry and watches to its distributors and affiliated shops in Florida.

34.   Defendant owns, leases, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. The place of public accommodation that the Defendant owns, operates, or leases is located in Orange County.

35.   Plaintiff believes, and thereon alleges, that defendant Chopard USA LTD., INC. corporate and affiliates and/or related entities, actively engaged in the sale of luxury jewelry and watches in various states throughout the country, including Florida.

36.   Said Defendant entities will hereinafter collectively be referred to as "Chopard" or, where appropriate, "Defendant."

## **FACTS**

37.   Defendant is defined as a "Place of Public Accommodation" within meaning of Title III because Defendant is a private entity which owns and/or operates "[A] bakery, grocery store, clothing store, hardware store, shopping center, or other sales establishment," 42 U.S.C. §12181(7)(E) and 28 C.F.R. §36.104(5).

38.   Chopard's offers luxury jewelry and watches for sale to the general public.

39.   Defendant has control over several points of sale including the Website, its content, design and source-code, and/or operates her web pages, including image and data content. Defendant owns and operates the e-commerce https://www.chopard.com/en-us that is configured for use by desktop computer and mobile devices such as smartphones.

40.   One of the functions of Defendant's Website (available to browse in mobile or computer desktop version) is to provide the public information on the various locations of

Defendant's stores that sell luxury jewelry and watches. The other function of the website is to sell Defendant's products.

41. Defendant's Website is offered by Defendant as a way for the public to communicate with Chopard's products. Defendant's Website also permits the public to register and create an account that allows the general public to order and purchase Chopard's luxury jewelry and watches provides: customer service and locate a shop.

42. Blind Plaintiff needs to plan her outgoings since at the physical store it is difficult to know the prices, price tags are not in Braille. Like innumerous customers, Plaintiff rather to accesses Defendant's Website, since online purchase is faster or at least pre-purchase before Plaintiff goes to the store. Plaintiff has a concrete plan of visiting the store because Plaintiff admires the quality of Defendant's products and would like to buy it in a regular basis.

43. Plaintiff is Chopard's customer since her intent of visiting and purchasing Chopard's products at the store and pre-shop at the website. Plaintiff through her inquiries learned that she could find a store on Chopard's Website near Plaintiff's area.

44. During the months of June 2025 and July 2025, on several occasions, Plaintiff was denied access to Defendant's website, because the Website was incompatible to screen-reader software. Plaintiff explains that the Website contains the following access barriers that prevents him from free and full use of screen reader software. Plaintiff encountered these barriers that are persistent and include, but are not limited to:

a)   Images and animation on the landing page, have no label- announces, go to slide one, go to slide two, go to slide three. The images and animation should announce (voice) a meaningful description of the images. WCAG 2.1 A F65.

b)   On the product page, there are several images, but all images have the same ID, the product name. By the WCAG guidelines, images are supposed to have a meaningful

description. Check the issue on https://youtu.be/UK0wkAInBmM and https://youtu.be/Xn_iip55K6U

c) On the product page, when navigating with keyboard the price is skipped. The size cannot be selected with screen-reader keyboard-keys. Check the issue on https://youtu.be/UK0wkAInBmM.

d) These videos show that the price is skipped and the images of the watches have no description, so Plaintiff could not choose which watch to purchase. Check https://youtu.be/SGtA7CRsfWI and https://youtu.be/NcYplC2RWfE

e) If an input error is shown on the screen (for example when trying to add to bag) and the correction is shown on the screen, the error is not announced (like select size). Also, When the user enters an incorrect coupon code, the error is not announced. The user is not aware of the errors that are highlighted in red on the screen.

f) On the product page, the size drop down is not accessible by keyboard with up/down arrows and a purchase cannot be completed.

g) The background, text and products have poor contrast. Also, the Website does not provide a zoom feature.

45. Due to these barriers Plaintiff was unable and impeded to access: Plaintiff was unable to learn (1) Find a Chopard's store in her area or where she is visiting; (2) the cost of Chopard's luxury jewelry and watches products; (3) shop or pre-shop on the Website and pickup at the store; (4) get the exclusive online deals; (5) product pricing and finalizing an online purchase. Thus, Defendant's Website creates an intangible barrier that prevents Petersen from "'accessing a privilege' of a physical place of public accommodation, where Plaintiff cannot locate the defendant's store, pre-purchase or make a purchase to pick up at the store.

46. During due diligence an expert was consulted and found several unique issue-barriers under the WCAG=World Content Accessibility Guidelines, just in a few pages

of the website, this website contains hundreds of code-lines that are incompatible with screen-readers, thus inaccessible to Plaintiff. (Attached Exhibit A)

47. During Plaintiff's several visits to the website using JAWS and NVDA (computer) and Voiceover (cell-phone browsing) occurring on **June 25, 2025** and the last in **July 21, 2025**, attempted to visit the physical store by checking the Website first, however the plaintiff encountered multiple access barriers that denied the plaintiff full and equal access to the facilities, goods and services offered to the public and made available to the public; and that denied the plaintiff the full enjoyment of the Defendant's facilities, goods, and services.

48. The failure to access the information needed precluded Plaintiff's ability to patronize Defendant, because, as a blind individual, Plaintiff needs to plan her outings out in detail in order to have the proper financing for a venture, and ensure that Plaintiff arrives at a given location.

49. Under Title III of the ADA, 42 U.S.C. §§ 12181–12189 ("Title III"), which addresses "Public Accommodations and Services Operated by Private Entities." Title III provides that "[n]o individual shall be discriminated against on the basis of disability in any place of public accommodation." 42 U.S.C. § 12182(a).

50. On March 18, 2022, the Department of Justice issued Web Accessibility Guidance under the ADA, explaining how businesses open to the public (Title III entities) can ensure their websites are accessible to individuals with disabilities. The guidance (Exhibit A) highlights the importance of accessibility, common barriers, tips for accessible content, and the application of WCAG 2.1 standards. *See https://www.justice.gov/opa/pr/justice-department-issues-web-accessibility-guidance-under-americans-disabilities-act*

51. Binding Court acknowledged that Title III's public accommodation protection "covers both tangible and *intangible barriers*, such as screening rules or

discriminatory procedures that restrict a disabled person's ability to enjoy the defendant entity's services and privileges.

52.  Technology evolves, in these days, for consumers and business. Consumers are doing most of their shopping online. And business are seeing higher revenue from their online point of sales then their physical stores, based on business financial disclosures. Defendant's provision of an e-commerce Website, which is the main point of sale, distribution, and revenue for Defendant's business. The Website is an intangible, but essential part of the Defendant's services and privileges offered by the Defendant's stores to their customers to access Defendant's goods.

53.  Title III ADA Part 36 regulation was amended to integrate section 36.303 Auxiliary Aids and Services "A public accommodation shall furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities."

54.  The access barriers Plaintiff encountered on Defendant's website have caused a denial of Plaintiff's full and equal access multiple times in the past, and now deter Plaintiff on a regular basis from accessing Defendant's Website.

55. Plaintiff would like to become Defendant's patron and access the Defendant's physical store and the Website in the near future but the barriers Plaintiff encountered on Defendant's Website has impeded Plaintiff's full and equal enjoyment of goods and services offered at Defendant's brick-and-mortar stores.

56.  The fact that Plaintiff could not access and comprehend the Defendant's Website, left Plaintiff excluded from accessing Chopard's stores, goods and services available from Defendant and further left him with the feeling of segregation, frustration, humiliation, and unable to participate in a manner equal to that afforded to others who are not similarly disabled. As a result, Plaintiff has suffered particularized harm and an injury in fact.

57.  Plaintiff has a concrete plan to purchase Chopard's luxury jewelry and watches when she is treated like other members of the public. By denying Plaintiff the opportunity to comprehend Chopard's Website therein due to Plaintiff's disability (visual

impairment), Defendant has denied Plaintiff the opportunity to participate in or benefit from Defendant's goods and services as afforded to the public.

58. Plaintiff will suffer continuous and ongoing harm from Defendant's omissions, policies, and practices set forth herein unless enjoined by this Court.

59. On information and belief, Defendant has not offered any form of Website in an accessible format for blind or visually impaired individuals.

60. Thus, Defendant has not provided full and equal enjoyment of the services, facilities, privileges, advantages, and accommodations provided at its stores and authorized retailers.

61. All Public Accommodations must ensure that their *Places of Public Accommodation* provide *Effective Communication* for all members of the general public, including individuals with disabilities pursuant *Title III ADA 28 C.F.R. § 36.303.*

62. Binding case law increasingly recognize that private entities are providing goods and services to the public through their online point of sale which operates as "Places of Public Accommodation" under Title III.

63. A person who cannot see, like the Plaintiff in this case, cannot go to Defendant's website and avail themselves of the same privileges. Thus, the Plaintiff has suffered discrimination due to Defendant's failure to provide a reasonable accommodation for Plaintiff's disability.

64. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged hereinabove and this suit for injunctive relief is her only means to secure adequate redress from Defendant's unlawful and discriminatory practices.

65. Notice to Defendant is not required as a result of Defendant's failure to cure the violations. Enforcement of the rights of Plaintiff is right and just pursuant to 28 U.S.C. §§ 2201, 2202.

66. Enforcement of Plaintiff's rights under the ADA is right and just pursuant to 28 U.S.C. §§ 2201 and 2202 and Title III ADA Subpart E Section 36.501.

67. Plaintiff has retained the law office of Acacia Barros, Esq. and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to have reasonable attorneys' fees, costs and expenses paid by Defendant Chopard USA LTD., INC.

## COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

68. Part 36 of Title 28 of the C.F.R. was designed and is implemented to effectuate subtitle of Title III of the ADA, which prohibits discrimination on the basis of disability by Public Accommodations and requires Places of Public Accommodation to be designed, constructed, and altered in compliance with the accessibility standards established by Part 36 Regulation.

69. Defendant's Website has not been designed to interface with the widely and readily available technologies for blinds that can be used to ensure effective communication.

70. As delineated above and pursuant to 42 U.S.C. §12181(7)(E), Defendant is a Public Accommodation under the ADA because it owns and/or operates the https://www.chopard.com/en-us Website which is subject to the ADA.

71. No notice is required because under Title III of the ADA, 42 U.S.C. § 12182(b)(1)(A)(II), it is unlawful discrimination to deny individuals with disabilities or a class of individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodation, which is equal to the opportunities afforded to other individuals.

72. Unlawful discrimination includes "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would

fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations." 42 U.S.C. § 12182(b)(2)(A)(II).

73.  Unlawful discrimination also includes "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden." 42 U.S.C. § 12182(b)(2)(A)(III).

74.  Defendant is in violation of the ADA by creating barriers for individuals with disabilities who are visually impaired and who require the assistance of interface with screen reader software to comprehend and access its Website. These violations are ongoing.

75.  As a result of the inadequate development and administration of Defendant's Website, Plaintiff is entitled to injunctive relief pursuant to 42 U.S.C. §12133 and §12188, also 28 C.F.R. §36.501 to remedy the discrimination.

76.  Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff Petersen injunctive relief; including an order to:

a) Require Defendant take the necessary steps to make the Website readily accessible to and usable by visually impaired users, and during that time period prior to the https://www.chopard.com/en-us website being readily accessible, to provide a temporary alternative method for individuals with visual impairments to access the information available on the Website until such time that the requisite modifications are made. Title III American with Disabilities Act Part 36 Regulation.

b) Require Defendant to provide periodic maintenance of the accessible website thru the appropriate auxiliary aids such that individuals with visual impairments will be able to always receive effectively communication with the Website for purposes of

viewing and locating the stores carrying Chopard's products using the Defendant's Website.

c) During the time period prior to the Website's being designed to permit individuals with visual impairments to effectively communicate, requiring Defendant to provide an alternative method for individuals with visual impairments to communicate.

77. For all of the foregoing, the Plaintiff has no adequate remedy at law.

### **DEMAND FOR RELIEF**

**WHEREFORE**, Plaintiff Aishia Petersen hereby demands judgment against Defendant "**CHOPARD USA LTD., INC.**" and requests the following injunctive relief permanently enjoin Defendant from any practice, policy and/or procedure which will deny Plaintiff equal access to, and benefit from Defendant's services and goods, as well as the Court:

a) That the Court issue a Declaratory Judgment that determines that the Defendant's websites **at the commencement** of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.;

b) That the Court enter an Order directing Defendant to continually update and maintain their computer version of the defendant's websites to ensure that it remains fully accessible to and usable by visually impaired individuals;

c) That the Court issue an Injunctive relief order directing Defendant to alter their website to make it accessible to, and useable by, individuals with disabilities to the full extent required by Title III of the ADA;

d) That the Court enter an Order directing Defendant to evaluate and neutralize their policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures;

e) Further requests the Court to retain jurisdiction for a period to be determined to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law;

f) That the Court enter an award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and Title III of the ADA Section 36.505.

Respectfully submitted,

Dated this 24th day of July 2025.

*/s/Acacia Barros*
Attorney for Plaintiff
ACACIA BARROS, P.A.
Acacia Barros, Esq.
FBN: 106277
11120 N. Kendall Dr., Suite 201
Miami, Florida 33176
Tel: 305-639-8381
ab@barroslawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of July 2025 that the foregoing document has been file using CM/ECF system and will be served via email when Defendant/Defendant's counsel enters an appearance.